## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---

TINA FREEMAN, on her own behalf and on
behalf of her daughter C.F., a minor,

        Plaintiffs,

        v.

CHICAGO OF CHICAGO, a Municipal
Corporation, Chicago Police Detectives
MICHELE A. WOOD, JOSE ALMANZA,
JOSEPH M. PLOVANICH, and BROOK R.
GLYNN, Chicago Police Sergeants MICHAEL A.
MORETH and KEVIN GRAVES, Chicago Police
Officer TED J. JOZEFCZAK, and
ADDITIONAL UNKNOWN CHICAGO
POLICE OFFICERS,

Case No. 23-cv-2629

*Jury Trial Demanded.*

---

## COMPLAINT AT LAW

---

NOW COMES Plaintiff TINA FREEMAN on her own behalf and on behalf of her daughter
C.F., a minor, by her attorney, LAW OFFICE OF JORDAN MARSH LLC, complaining of the
Defendants, CHICAGO OF CHICAGO, a Municipal Corporation, Chicago Police Detectives
MICHELE A. WOOD, JOSE ALMANZA, JOSEPH PLOVANICH, and BROOK R. GLYNN,
Chicago Police Sergeants MICHAEL A. MORETH and KEVIN GRAVES, Chicago Police
Officer TED J. JOZEFCZAK, and ADDITIONAL UNKNOWN CHICAGO POLICE
OFFICERS, and state the following:

## JURISDICTION AND VENUE

1.  This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.  The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3.  This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4.  At all times relevant herein, Plaintiff TINA FREEMAN (hereinafter "Tina") and her daughter C.F. (hereinafter "C.F."), were residents of the Village of Bellwood, State of Illinois, and were citizens of the State of Illinois.

5.  Chicago Police Detectives MICHELE A. WOOD, JOSE ALMANZA, JOSEPH PLOVANICH, and BROOK R. GLYNN, Chicago Police Sergeants MICHAEL A. MORETH and KEVIN GRAVES, Chicago Police Officers, TED J. JOZEFCZAK, and ADDITIONAL UNKNOWN CHICAGO POLICE OFFICERS (collectively "Individual Defendants"), are sued in their individual capacities and were at all times relevant, sworn police officers employed by

2

Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

**FACTUAL ALLEGATIONS[1]**

6. On or about July 23, 2022, Tina was at her home at 438 23rd Ave., in Bellwood, Illinois, with her 16-year-old daughter, C.F., when she received a phone call from one of the defendant officers who informed her that her house was surrounded.

7. The officer ordered Tina and C.F. to come to the door, open the door, put their hands up, walk out of the house, and walk down the stairs.

8. Tina heard a loud voice from one of the defendant officers on a bullhorn yelling that her house was surrounded.

9. A relative who lived several blocks away also heard the bullhorn announcement.

10. Tina and C.F. complied with the officer's orders, walking out of the house with their hands up, and walking down the stairs.

11. After Tina and C.F. went down the stairs, they were ordered to walk backwards toward the officers with their hands on their heads. They were handcuffed, and their cell phones were confiscated.

12. Tina observed what seemed like dozens of officers surrounding her home, including numerous SWAT officers with helmets and long guns.

---

[1] Plaintiff has issued a Freedom of Information request to the Chicago Police Department, and has received extremely limited information from the Department. Plaintiff anticipates filing an amended complaint with additional details, and identifying additional officer defendants, upon receipt and review of discovery.

13. Defendant Wood informed Tina she was in charge of the scene.

14. Defendant Wood was the search team supervisor, and directed the conduct of the other individual defendants. Defendant Moreth was the supervising sergeant, and Defendant Graves was the SWAT sergeant.

15. As Tina and C.F. were outside their home, numerous defendant officers entered the home, and Tina heard several loud BOOMs from inside the house, presumably flash-bangs.

16. On information and belief, the officers entering the residence included Defendants Plovanich, Almanza, and Jozefczak.

17. Neither Tina nor C.F. was ever provided a warrant or other authority for officers to enter Tina's home or to seize Tina or C.F.

18. On information and belief, there was no warrant to search the residence.

19. Tina informed Defendant Wood she did not agree to be taken anywhere. Defendant Wood responded, "You have no choice."

20. Tina and C.F. were transported separately to the police station at Harrison and Kedzie and questioned separately by several of the individual defendants.

21. One of the individual defendants called Tina a liar and refused her request to remove her handcuffs, stating that she was hostile.

22. After several hours at the police station, Tina and C.F. were transported back to their home in Bellwood.

23. When Tina and C.F. arrived home from the police station, they discovered their home had been – to use the vernacular – trashed. Clothes were all over the floors in piles, drawers were

pulled out, items were pulled out of cabinets and closets, the couch was overturned, and random items were left out on the floors.

24. On information and belief, one or more of the individual defendants left the house with items from the house.

25. The following day, while Tina was in Church, one of the individual Detective defendants called her cell phone and left numerous hostile messages. When she returned his calls, the detective angrily demanded that she make herself available to provide him with keys to Joseph Freeman's car.

26. The detective informed Tina that if she did not meet him immediately with the car key, police would damage the vehicle.

27. Neither Tina nor C.F. was ever informed she was under arrest.

28. Neither Tina nor C.F. was ever accused of criminal conduct.

29. Neither Tina nor C.F. had committed criminal conduct.

30. Neither Tina nor C.F. ever agreed or consented to any officer entering or searching their home or property.

31. Neither Tina nor C.F. ever agreed or consented to go to the police station.

32. At no time during the events described herein was there probable cause or reasonable suspicion to believe Tina or C.F. was involved in criminal conduct.

**COUNT I – FEDERAL CLAIM**
**EXCESSIVE FORCE**
**INDIVIDUAL DEFENDANTS**

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. Because there was no justification for the use of any force against Tina or C.F., any and all force – including the show of weapons, handcuffing, and any and all other physical actions incident to the unconstitutional seizure of Tina and C.F. – was unnecessary and objectively unreasonable, violating their rights under the Fourth Amendment to the United States Constitution.

35. At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of their employment as Chicago police officers.

36. As a result of Defendants' excessive force, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, grief, humiliation, loss of liberty, anxiety, fear, and loss of normal life.

**COUNT II – STATE LAW CLAIM**
**BATTERY**
**CITY OF CHICAGO**

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Defendant CITY OF CHICAGO, by and through its agents, the individual Defendants, knowingly and without legal justification or permission, harmfully and/or offensively touched Tina and C.F. without legal justification, thereby constituting battery under Illinois law.

39. As a result of Defendants' misconduct, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, grief, loss of liberty, humiliation, anxiety, fear, and loss of normal life.

6

## COUNT III – FEDERAL CLAIM
## FALSE ARREST/ILLEGAL SEIZURE
### INDIVIDUAL DEFENDANTS

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. One or more of the Individual Defendants – including, on information and belief, Defendants Wood, Glynn, and Plovanich – caused and/or directed Plaintiffs to be seized, detained, and/or arrested without reasonable suspicion or probable cause to believe they had committed any crime.

42. Individual Defendants – including, on information and belief, Defendants Wood, Glynn, and Plovanich – caused Plaintiffs' property to be seized, without a warrant, and without reasonable suspicion or probable cause to believe they contained evidence of a crime.

43. At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of their employment as Chicago police officers.

44. As a result of Defendants' misconduct, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, loss of liberty, grief, humiliation, anxiety, fear, and loss of normal life.

## COUNT IV – STATE CLAIM
## FALSE ARREST/WRONGFUL IMPRISONMENT
### CITY OF CHICAGO

45. Each paragraph of this Complaint is incorporated as if restated fully herein.

46. Defendant CITY OF CHICAGO, by and through its agents, caused Tina and C.F. to be restrained, detained, seized, imprisoned, and/or arrested without having reasonable grounds to believe they had committed any crime or offense.

47. In the alternative, the conduct of Defendant City of Chicago was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

48. As a result of Defendant's misconduct, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, loss of liberty, grief, humiliation, anxiety, fear, and loss of normal life.

### COUNT V – FEDERAL CLAIM
### ILLEGAL SEARCH AND SEIZURE
### INDIVIDUAL DEFENDANTS

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. One or more of the Individual Defendants – including, on information and belief, Defendants Wood, Glynn, and Plovanich – confiscated or caused to be confiscated Tina and C.F.'s cell phones, and searched or caused to be searched either or both cell phones without a warrant or without probable cause to believe that either phone contained evidence of a crime.

51. One or more Individual Defendants – including, on information and belief, Defendants Wood, Glynn, Almanza, Plovanich, Almanza, and Jozefczak – searched Tina's home without a warrant.

52. One or more Individual Defendants, on information and belief, seized property belonging to Tina and C.F., without a warrant and without probable cause to believe said property was evidence of criminal activity.

8

53. As a result of Defendants' misconduct, Tina and C.F. suffered severe pecuniary damages, including emotional pain and suffering, grief, loss of privacy, humiliation, anxiety, fear, and loss of normal life.

## COUNT VI – FEDERAL CLAIM
## FAILURE TO INTERVENE
## INDIVIDUAL DEFENDANTS

54. Each paragraph of this Complaint is incorporated as if restated fully herein.

55. All Defendant Officers had a reasonable opportunity to prevent the violation of Tina and C.F.'s constitutional rights as set forth above, but each failed and refused to do so.

56. As a result of Defendants' failure to intervene, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, grief, loss of liberty, loss of privacy, humiliation, anxiety, fear, and loss of normal life.

## COUNT VII – FEDERAL CLAIM
## SUPERVISORY LIABILITY
## INDIVIDUAL DEFENDANTS

57. Each paragraph of this Complaint is incorporated as if restated fully herein.

58. Defendants Wood, Moreth and Graves directed, participated, and/or were aware of and consented to the misconduct alleged herein.

59. As a result of Defendants' actions and omissions, Tina and C.F. suffered severe pecuniary damages, including physical and emotional pain and suffering, loss of liberty, loss of privacy, grief, humiliation, anxiety, fear, and loss of normal life.

## COUNT VIII – STATE CLAIM
## TRESPASS
## CITY OF CHICAGO

60. Each paragraph of this Complaint is incorporated as if restated fully herein.

61. Defendant City of Chicago, by and through its agents, entered onto Plaintiffs' property without permission or legal justification, and they invaded plaintiffs' right to enjoy exclusive possession of their residence.

62. In the alternative, the conduct of Defendant City of Chicago was willful and wanton and constituted a course of action that shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

63. As a result of Defendant's misconduct, Tina and C.F. suffered severe pecuniary damages, including emotional pain and suffering, loss of privacy, grief, humiliation, anxiety, fear, and loss of normal life.

<u>COUNT IX – STATE CLAIM</u>
<u>PROPERTY DAMAGE</u>
**CITY OF CHICAGO**

64. Each paragraph of this Complaint is incorporated as if restated fully herein.

65. Defendant City of Chicago, by and through its agents, damaged Plaintiffs' property without permission or a right to do so.

66. In the alternative, the conduct of Defendant City of Chicago was willful and wanton and constituted a course of action that shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

67. As a result of Defendant's misconduct, Tina and C.F. suffered severe pecuniary damages, including emotional pain and suffering, loss of privacy, grief, humiliation, anxiety, fear, and loss of normal life.

## COUNT X – STATE CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CITY OF CHICAGO

68. Each paragraph of this Complaint is incorporated as if restated fully herein.

69. The conduct of Defendant City of Chicago, by and through its agents, was extreme and outrageous and exceeded all bounds of human decency.

70. Defendant City of Chicago's, actions described herein above were undertaken with the intent to inflict and cause severe emotional distress to plaintiffs, and/or with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

71. Defendant's conduct did cause severe emotional trauma and distress to Plaintiffs.

72. In the alternative, the conduct of Defendant City of Chicago was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

73. As a result of Defendant's misconduct, Tina and C.F. suffered severe pecuniary damages, including emotional pain and suffering, loss of privacy, grief, humiliation, loss of liberty, anxiety, fear, and loss of normal life.

## COUNT XI – STATE LAW CLAIM
## INDEMNIFICATION
### DEFENDANT CITY OF CHICAGO

74. Each paragraph of this Complaint is incorporated as if restated fully herein.

75. At all relevant times, Defendant CITY OF CHICAGO was the employer of Individual Defendants.

11

76. Individual Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY OF CHICAGO.

77. Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

78. Should one or more Individual Defendants be found liable on one or more of the claims set forth above, Plaintiffs Tina and C.F. demand, pursuant to Illinois law, that their employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against any of the Individual Defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs Tina Freeman and C.F. respectfully request that the Court enter judgment in their favor and against defendants on each count for:

- Compensatory damages;

- Punitive damages;

- Reasonable attorney's fees and litigation costs and expenses; and

- Such other or further relief as the Court deems just.

## JURY DEMAND

Plaintiff TINA FREEMAN, on her own behalf and on behalf of her daughter C.F., a minor, hereby requests a trial by jury.

**DATED:** April 27, 2023.

12

Respectfully submitted,

Tina Freeman, on her own behalf and on behalf of her daughter C.F., a minor,

By:     __/s/ Jordan Marsh__
                *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH**
5 Revere Drive Suite 200
Northbrook IL 60062
(224) 220-9000
jordan@jmarshlaw.com